## 11799

### WAY v. WAY ET AL.

#### (128 S. E., 705)

1. ESTOPPEL—WIFE OBTAINING DECREE HELD ESTOPPED TO QUESTION VALIDITY.—Wife, obtaining divorce in another State, *held* estopped to question validity of judgment or any steps leading up to it.

2. DIVORCE—FOREIGN DIVORCE DECREE HELD VALID AND BINDING IN STATE.—Foreign divorce decree, in action wherein service of process on defendant was by publication, which was valid and binding in State wherein granted, *held* valid and binding, and of same force and effect in South Carolina under full faith and credit doctrine.

3. DESCENT AND DISTRIBUTION—WIFE OBTAINING DIVORCE HELD TO
   HAVE FORFEITED RIGHTS IN, AND ESTOPPED TO CLAIM SHARE OF,
   HUSBAND'S ESTATE.—Wife obtaining divorce in another State *held*
   to have forfeited all rights in husband's estate as widow or heir,
   and estopped to claim any share therein.

Before HENRY, J., Dorchester, 1924.    Affirmed.

Action by W. B. Way as administrator, etc., against John B. Way and others, to settle the estate of B. R. Way, deceased.    From a decree confirming the Master's report, disallowing claim of defendant, Ella M. C. Cochran to share in the estate, she appeals.

The following evidence was introduced before the Master.

Respondents put in evidence a certified copy of the divorce proceedings, of which the following is the substance:

The action is by Ella M. Way (the appellant) against B. R. Way (the intestate), in the Superior Court of Richmond County, Ga., and was commenced August 6, 1920.    The petitioner (the appellant) alleges:    The intermarriage of the appellant and the intestate; that petitioner was a *bona fide* resident of the State of Georgia for 12 months before the filing of the petition for divorce; the cohabitation of the appellant and the intestate for some time, and the separation; that the intestate treated the appellant cruelly, cruel treatment being the grounds for petitioner's divorce; that the only property there is to be scheduled is wearing appeal, amounting in value to about $25; that intestate is a non-resident of the State of Georgia.    The petitioner prays that a total divorce be granted to her from the intestate, and that process do issue to bring the intestate into Court.    Petition duly signed by petitioner's attorney, and duly verified by the petitioner.

September 4, 1920.    Order that service on the defendant be perfected by publication in a newspaper.

January 13, 1921.    Affidavit of publication by printer.

January 22, 1921.    Order that case proceed to trial.

January 22, 1921.    Verdict of jury.    The jury found

sufficient proofs had been submitted to authorize a total divorce—that is to say, a divorce a *vinculo matrimonii*—upon legal principles between the parties in this case.

May 14, 1921. Verdict of jury. The jury found that sufficient proofs had been submitted to authorize a total divorce, that is to say, a divorce a *vinculo matrimonii,* upon legal principles between the parties in this case. "We fix the rights and disabilities of the parties in this case as follows: We find the plaintiff and defendant may both marry again."

June 25, 1921. Judgment or decree of divorce, which is as set forth in the Master's report.

The Master filed his report herein, after taking testimony, and the following is so much of said report as refers to the claim of the appellant:

"As Matters of Fact I find that the intestate and the defendant, Ella L. Cochran, then Ella M. Livingston, intermarried with each other on the 11th day of November, 1913, as aforesaid, and that they lived together for several years, and then separated; that the said Ella L. Cochran, then Ella M. Way, became a *bona fide* resident of the State of Georgia, and after becoming so, the said Ella L. Cochran, then Ella M. Way, commenced an action against the intestate in the Superior Court of Richmond County in the State of Georgia in the latter part of the year 1920, by petition and process, for a total divorce (that is to say, a divorce a *vinculo matrimonii*) between the parties in the case, on the ground of cruel treatment, and the defendant not being a resident of the State of Georgia was duly served with the petition, and notice or summons, the process used in such cases, by publication in a newspaper, and thereafter such steps were taken and such proceedings had in the case, in accordance with the laws of the State of Georgia, as resulted in there being granted to the parties in the case a total divorce (that is to say, a divorce a *vinculo matrimonii*) upon legal principles between the parties in the case, and the

rendering by the said Superior Court on the 25th day of June, 1921, of a judgment or decree of divorce, as follows: " 'State of Georgia, Richmond County.

" 'In the Superior Court. *Ella M. Way, plaintiff v. B. R. Way, defendant.* Libel for Divorce. Two concurring verdicts having been rendered in this case, granting a divorce a *vinculo matrimonii* between the parties upon legal principles, it is therefore considered, ordered, and adjudged by the Court that the marriage contract made and entered into between the parties in this case be and the same is hereby declared to be set aside as fully and effectually as if no such contract had ever been made and entered into (except as by law excepted). It is further ordered that Ella M. Way and B. R. Way, formerly husband and wife, in future be held and considered as separate and distinct persons, altogether unconnected by any nuptial union or civil contract whatsoever. It is further ordered that plaintiff, Ella M. Way, and defendant, B. R. Way, mentioned herein, shall both have the right to marry again if they so desire. Done in open Court, this 25th day of June, 1921.

" 'Henry C. Hammond, J. S. C. A. C.'

"I further find that the words in parenthesis in the above judgment, said words being as follows; 'except as by law excepted'—were intended to prevent the bastardizing of any children which may have been the result of this marriage; that as aforesaid there were no children by this marriage. For a fuller statement of the divorce proceedings reference is hereby made to a certified copy of the same, which was introduced in evidence by the plaintiff, and is marked Exhibit C.

"I find further that the laws of the State of Georgia provide for the granting of total divorces upon the ground of cruel treatment; that the effect of a total divorce is to annul the marriage from the time of its rendition, that it destroys the status or relation and all rights growing out of it including the right of inheritance; that the petitioner in a divorce

action must be a *bona fide* resident of the State of Georgia before commencing the action; that the Superior Court of Richmond County, Ga., is a Court of record and of general jurisdiction, and has jurisdiction in cases of divorce; that where the defendant in a divorce case is not a resident of the State of Georgia process may be made on such defendant by publication in a newspaper.

"I find further that this action for divorce in its purpose, and in all its steps and details, conformed to the requirements of the laws of the State of Georgia touching the matter. For a fuller statement of the laws of the State of Georgia bearing upon the subject of divorces, reference is hereby made to Sections 2944, 2945, 2946, 2950, 2951, 2952, 2954, 2956, 2957, 2961, 2963, 2964, 4849, 5556, 6510, 6511, 6512, 6513, and 6514 of Volume 1 of Code of the State of Georgia, 1911, introduced in evidence by the plaintiff.

"I find that under the laws of the State of Georgia the said judgment of divorce on the 25th day of June, 1921, annulled and destroyed the marriage status or relation then existing between the intestate and his second wife, and annulled and destroyed all rights growing out of said status or relation including the right of inheritance.

"I find further that the said Ella L. Cochran, after leaving the intestate, intermarried with one James Jefferson Cochran on the 16th day of May, 1921, as aforesaid, and that she and the said James Jefferson Cochran have lived together as husband and wife continuously from the date of their said marriage to the present time; that the said judgment of divorce was rendered on the 25th day of June, 1921, as aforesaid; and that the intestate died on the 15th day of July, 1921, as aforesaid.

"As a matter of law I find that the said Ella L. Cochran is estopped to question the validity of the said judgment of divorce or any of the steps leading up to its rendition.

"I further find that the said judgment of divorce,
2, 3  being legal, valid and binding in the State of Georgia
where granted, that under the full faith and credit
doctrine it is legal, valid, and binding here under the laws,
of the State of South Carolina, and should be given the
same force and effect here in the State of South Carolina
that it has in the State of Georgia, and that by reason there-
of it, on the 25th day of June, 1921, destroyed and annulled
in the State of South Carolina the marriage status or rela-
tion then existing between the intestate and his second wife,
and destroyed and annulled all rights growing out of the
said status or relation, including the right of inheritance;
that the said Ella L. Cochran is not an heir-at-law nor a legal
distributee of the intestate; that she is not the widow of the
intestate, and never was; and that she is not entitled to
any part of his estate.

"I find further that the said Ella L. Cochran, by reason
of the facts heretofore found in this report, has forfeited
all rights in the estate of the intestate.

"I find further that the said Ella Cochran, by reason of
the facts heretofore found in this report, is estopped to claim
any share in the estate of the intestate."

In conclusion the Master recommended that the claim of
the appellant be disallowed.

*Messrs. M. S. Connor* and *William C. Wolfe,* for ap-
pellant, cite: *Full faith and credit clause:* U. S. Const.
Art. VI, Sec. 1. *Property of divorcee in this State:* 44
S. C., 195. *Foreign divorce on constructive service:* 44
S. C., 195; 201 U. S., 573. *Divorce extinguishes right of
dower:* Code of 1922, Vol. 3, Sec. 5243 and 5333. *Case
distinguished:* 118 S. E., 178.

*Messrs. St. Clair Muckenfuss, W. S. Utsey* and *W. M.
Warren,* for respondents, cite: *Assertion of marital rights
estopped:* 125 S. C., 98; 61 Minn., 154; 19 C. J., 378,
Notes 75-81; 15 R. C. L., 960, Sec. 436. *Service by publi-*

*cation on nonresident:* Code of Ga. 1911, Vol. 1, Sec. 5556; 124 S. C., 228. *Wife acquiring separate domicile:* 19 C. J., 371, Sec. 839. *Effect of total divorce:* Code of Ga., 1911, Vol. 1, Sec. 2963. *Estoppel against asserting invalidity of divorce:* 125 S. C., 302; 61 Minn., 154; 19 C. J., Sec. 850 and 851 and Note 81.

July 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by the Master of Dorchester County, concurred in by Judge Henry, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur in reult.

MR. JUSTICE MARION (concurring specially): Mrs. Cochran, the appellant, was married to B. R. Way, deceased, late of the County of Dorchester, S. C. She obtained a divorce from Way in the State of Georgia—the judgment of divorce being dated June 25, 1921. Way died July 15, 1921. Prior to that date the appellant had married Cochran. It appears from the record that, in the suit for divorce brought in the Georgia Courts, the defendant in that suit, B. R. Way, a resident and citizen of this State, was served by publication; that he was never a resident of the State of Georgia; and that no personal service of process was ever made on Way within the jurisdiction of the Georgia Court.

In those circumstances I am not prepared to agree to the Master's conclusion that the Georgia divorce was such a judgment as the Courts of this State are bound to recognize as legal, valid, and binding "under the full faith and credit" provision of the United States Constitution. That judg-

ment of divorce procured by the wife—Mrs. Cochran, the appellant—was properly held to estop her in this action from claiming as the widow of Way a distributive share in the personal estate of the deceased, Way. See *Scheper v. Scheper,* 125 S. C., 89; 118 S. E., 178. But further than that I am not prepared to go.