Christian, J.,
delivered the opinion of the court.
The petition in this case is filed by Herman G. C. Paul-sen, who is a holder of certain Virginia consol bonds, invoking the original and extraordinary jurisdiction of this court, by way mandamus, to compel the second auditor to fund said bonds, according to the provisions of the act of the general assembly, approved March 30th, 1871.
It is admitted in said petition, as well as averred in the answer of the said auditor, that the bonds held by said petitioner were not presented to the said' auditor for the purpose of being funded until the 17th day of November, 1879.
The court is of opinion, that on that day the second auditor had no authority to fund said bonds. The act of March 30th, 1871, was, in certain essential particulars, modified and repealed by the act of March 7th, 1872, and was wholly repealed by the act approved March 28th, 1879, entitled “an act to provide a plan of settlement of the public debt.”
It was not until after the passage of both of these last named acts that the petitioner presented his bonds to the second auditor, and demanded that they should be funded under the act of March 30th, 1871.
The court is of opinion that the principles declared by this court in the case of Wise, Bro., &c., v. Rogers, second auditor, and Maury & Co. v. Roger's, second auditor, 24 Gratt. 169, must govern the case before us. And while it is true that, under the decisions of this court, all holders of the bonds of Virginia who came forward and- funded the same, under the provisions of the act of March 30th, 1871, before its repeal by the acts above referred to, could not be affected by such repeal, and that as to them such acts were unconstitutional and void, because they impaired the obligation of the contrapt which the state had entered *656 into with such of its creditors as availed themselves of the provisions of said act before its repeal, it is equally clear that the aforementioned acts, repealing the act of March 30th, 1871, are valid and binding upon those who did not avail themselves of the provisions of that act before its repeal. The legislature had the unquestioned right to amend, modify or repeal that act, provided such modification or repeal did not affect rights already vested under the same. And those creditors who, like the petitioner, did not present their bonds to be funded under the provisions of that act until after its repeal, cannot claim the benefit of its provisions, and call on the courts to compel the auditor to fund bonds under an act which had been repealed at the time they were presented for funding.
The court is, therefore of opinion that the petition of Herman G. C. Paulsen be denied, and that the rule heretofore awarded against the second auditor be discharged.
Mandamus refused.