# CHARLESTON.

Houston McShan v. C. L. Heaberlin, *State Compensation Commissioner*

(No. 6216)

Submitted April 10, 1928.        Decided April 17, 1928.

1. Master and Servant—*Misapplication of Law to Facts by Commission Created to Review Awards of Compensation Commissioner Will be Corrected on Review by Supreme Court of Appeals (Acts 1925, c. 68, § 57).*

A misapplication of the law to the facts by the Commission, created under section 57, chapter 68, Acts 1925, to review the awards of the Compensation Commissioner, will be corrected on review by this Court. (p. 451.) .

(Workmen's Compensation Act, .... C. J. § 128.)

2. Same—*Applicant for Compensation is Not Estopped to Appeal After Payment An Insufficient Award by Compensation Commission (Acts 1925, c. 68, § 57).*

In such case the applicant is not estopped to appeal after payment of an insufficient award by the Commission. (p. 452.)

(Appeal and Error, 3 C. J. § 552; Workmen's Compensation Act, .... C. J. § 123.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Workmen's Compensation Commission Appeal Board.

Proceeding under the Workmen's Compensation Act by Houston McShan, complainant, opposed by the Empire Coal & Coke Company, employer. From a decision of Lee Ott, state compensation commissioner, succeeded by C. L. Heaberlin, discontinuing compensation, the claimant appealed to the Compensation Appeal Board, and from its decision, reversing the decision of the commissioner, and awarding claimant two-thirds of the original allowance, the claimant appeals.

*Remanded with directions.*

*B. T. Clayton,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for appellees.

Lɪᴛᴢ, Jᴜᴅɢᴇ:

This is an appeal by an injured employee from the award of the Commission, composed of the Governor, Commissioner of Health and the Commissioner of Labor, commonly called the Compensation Appeal Board, created by section 57, chapter 68, Acts 1925, to review the awards of the Compensation Commissioner.

On February 11, 1924, Houston McShan, while engaged as a miner for the Empire Coal & Coke Company, in McDowell county, was injured by a dynamite explosion. According to the report of the company physician, Dr. W. B. Stephens, the "eyes and face (of the claimant) had severe lacerations and contusions", and his "eyes (were) badly disfigured." The Compensation Commissioner having awarded the claimant thirty per cent disability, upon the protest of the employer, discontinued the benefits thereunder after payment of $167.09 of the award. The claimant appealed to the Appeal Board; and after first refusing to reverse the Commissioner, it made an award of twenty per cent disability in favor of the claimant, which has been paid by the Commissioner. In its written findings directed to the Commissioner, the Board states: "The Compensation Appeal Board has had under consideration a case styled Houston McShan vs. Empire Coal & Coke Company. This is an appeal from the decision of former Compensation Commissioner Lee Ott, in setting aside an award he had previously made to McShan for injuries sustained while in the employ of the said coal company.

After the injury to McShan, due to the explosion, the Empire Coal & Coke Company reported the facts to the Compensation Department and the Commissioner awarded a thirty percent disability upon the company's report. McShan was paid $167.09 in monthly installments, being a portion of the award made by Commissioner Ott, after which payments were discontinued at the direction of the Commissioner.

This case was considered by the Appeal Board at another hearing and it was determined to have McShan undergo an examination by a specialist. Dr. W. S. Shepherd—an occulist of Charleston—was selected to make the examination.

The examination was given and report made to the Board. In this report Dr. Shepherd states emphatically that said McShan's impaired vision was caused by the injuries received in the explosion. Further evidence submitted to the Board shows that McShan was a regular employee of the Empire Coal & Coke Company, working every day that the mine was in operation. There was no evidence submitted to show that he did not efficiently perform the work at which he was assigned while in the employ of the company.

Following the accident, and after discharge from the hospital, McShan returned to the employ of the company, but owing to his affected vision was unable to return to his accustomed work in the mine. He was given light work at waiting table and doing odd jobs about the mine for a time. His sight finally became so defective that he was forced to cease work entirely.

In view of these facts presented to the Compensation Appeal Board, the Board is of the opinion that the Compensation Commissioner erred in setting aside the entire award of thirty percent disability, and with these facts as presented in support of the contention of said Houston McShan, the Board does hereby reverse the decision of the Commissioner and award McShan two-thirds the original allowance, thus restoring him to a twenty percentum disability rating."

Relying upon the finding of the Board that his loss of vision was due to the injury, the claimant contends that it should have fixed a higher percentage of disability. Chapter 15, section 31, paragraph E, Code, provides: "The total loss of one eye, or the total and irrevocable loss of the sight thereof shall be considered a thirty-three percentum disability for a period of one hundred and thirty-two weeks. For the partial loss of vision in one, or both eyes, the percentage of disability shall be determined by the Commissioner, using as a basis the total loss of one eye." The employer not only resists an increase in the award, but cross assigns error to the action of the Appeal Board in awarding the claimant any compensation for loss of eyesight.

The bases of the cross errors, comprehensively stated, are: (1) The claimant's loss of vision did not result from the in-

jury sustained in the dynamite explosion; (2) He did not file a claim for permanent injury to the eyes within six months after the accident; (3) The Appeal Board did not have jurisdiction of the claim, first, because the injury occurred prior to the act of the legislature creating the Board, and second, for the reason that the remedy of the claimant was by direct appeal from the Commissioner to this Court, under section 43, chapter 15P, Code; (4) The Appeal Board, after refusing to grant the claimant any relief, was without jurisdiction to reconsider the case; and (5) The claimant by accepting payment under the award of the Appeal Board, is estopped to appeal from its decision.

Upon the issue as to whether claimant's loss of vision is due to the injury sustained from the explosion, the employer, admitting that he sustained some injury to his eyes in the explosion, contends that his eyesight was in no way affected thereby, and that his loss of vision is due entirely to progressive nearsightedness with which he was afflicted prior to the accident. The claimant on the other hand insists that he could see well prior to the accident, and that his loss of sight was caused by the explosion. Many affidavits, pro and con, were filed by the claimant and employer, upon the issue of whether or not the claimant was afflicted with nearsightedness prior to the accident, as well as expert statements on the main issue, based upon these affidavits and examination of the eyes. In view of the conflict thus developed, this Court would not be justified in setting aside the finding of the Appeal Board as being without evidence to support it. A determination of such question of fact on conflicting testimony cannot be reviewed on appeal. Bradbury's Workmen's Compensation Law, 1076.

There is no foundation for the contention that the claimant did not file his application for compensation within the time fixed by the statute. The application was filed April 22, 1924.

The claim that the Appeal Board was without jurisdiction because the accident occurred prior to the enactment of the statute creating it, is also without merit. Where a new statute deals with procedure only, *prima facie,* it applies to all actions

—those which have accrued or are pending, and future actions. Lewis' Sutherland Statutory Construction, section 674; 21 R. C. L. 791; 36 Cyc. 1213.

There is likewise no foundation for the contention that the claimant should have appealed directly to this Court from the ruling of the Commissioner, under section 43, chapter 15P, Code, prescribing such appeal in case the final action of the Commissioner denies the right of the claimant to receive compensation on the ground that the injury was self-inflicted or was not received in the course of and resulting from his employment, or upon any other ground going to the basis of his rights. The fallacy of the argument lies in the assumption that the Commissioner refused to allow any compensation. This is not the case. It is conceded that the claimant was injured, but the Commissioner determined that his injury did not entitle him to a greater amount of compensation than $167.09.

We refuse also to accede to the position of the employer that the Appeal Board was without jurisdiction to reconsider the case, or that the claimant is estopped by accepting the benefits of the award to appeal from it. "Compensation acts being highly remedial in character, though in derogation of the common law, should be liberally and broadly construed to effect their beneficient purpose." *Sole* v. *Kindelberger*, 91 W. Va. 603. Section 57, chapter 68, Acts 1925, under which this appeal is prosecuted, provides: "Should an injured employee, or in case of the death of an employee, his beneficiary, feel aggrieved at any award made by the workmen's compensation commissioner, the said employee, or his beneficiary in case of death, shall have the right of appeal to a commission, hereby created, to be composed of the governor, who shall be *ex-officio* chairman, the commissioner of health and the commissioner of labor. Either written or oral evidence by the party or parties aggrieved may be submitted to said commission, and after due consideration of the case in controversy a majority decision of the aforesaid commission shall be binding on the workmen's compensation commissioner, in the payment of compensation. Appeals from the decision of the commission shall lie with the supreme court of appeals."

We do not think the general rule, which estops one accepting the benefits of a judgment appealing therefrom, should be applied in this case. It is not sought by the claimant in any way to reverse the finding of the appeal board, but merely to correct its judgment by an application of the statute to the finding, which involves a mere matter of mathematical calculation. The rule does not apply where the parts of the judgment or decree are separate and independent, and the receipt of a benefit from one part is not inconsistent with an appeal from another, or where the right to the benefit received is conceded by the opposite party or appellant is entitled thereto in any event, so that it could not be denied if the portions of the judgment or decree granting it should be reversed, or in other cases in which the acceptance of the benefit or partial enforcement of the judgment is not inconsistent with an appeal and reversal. 3 C. J. 680.

*Tyler* v. *Shea,* 4 N. D. 377, 50 Am. St. Rep. 660, holds that the right of appeal is not waived by accepting a benefit under a judgment which the appellate court has power to modify, so as to make it more favorable to the appellant without reversing that part of it in his favor, and of which he has secured the benefit.

Whether or not the appellant would be estopped if this were a strictly judicial proceeding, we do not think the technical rule invoked should be applied in the administration of the compensation act by mere quasi judicial agencies. Such a doctrine would tend to defeat the broad, liberal and humane purposes of the law.

An order will be entered in this Court remanding the case to the Compensation Appeal Board with directions to fix the percentage of disability in accordance with the statute, based upon the total loss of vision of one of claimant's eyes, and ninety per cent loss of vision of the other.

*Remanded with directions.*