# CHARLESTON.

Lucy Jenkins *v.* C. L. Heaberlin, *Compensation Comm'r.*

(No. 6505)

Submitted April 23, 1929. Decided April 30, 1929.

*Claude L. Smith,* for appellant.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Commissioner.

Maxwell, Judge:

Lon Jenkins was killed December 30, 1924, in the mines of the Bottom Creek Coal Company at Vivian, in McDowell

County. Proof of claim was filed for compensation by Lucy Jenkins, his mother, in May, 1925. From Alabama where she resided she and her attorney corresponded lengthily and frequently with the compensation commissioner in regard to payment of the claim. It appears from this correspondence that the commissioner required additional and more specific proof of the amount of money contributed by Lon to his mother during the year prior to his death, and for this reason compensation had not been allowed the mother. Finally, on April 3, 1929, she came to Charleston and gave her deposition before Mr. Knapp, claim clerk for the commissioner. By this deposition the extent of her dependency was shown, but the commissioner refused to make any award for compensation because of a limitation provision of section 40 of Senate Bill No. 200, which became a law upon passage March 7, 1929. The pertinent portion of said section follows: ''The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modications or change with respect to former findings or orders with respect thereto as in his opinion may be justified; *provided,* no further award may be made except, within one year after death of employee in fatal cases * * *.'' The commissioner says that by reason of said limitation there cannot now be any award on the said claim.

The claimant appeals from this ruling of the commissioner and asserts that the statute should not be given a retroactive effect. This is the sole question presented for decision. Recognition is given to the general proposition that a statute will be construed to operate in future only, and will not be given a retroactive effect unless the Legislature has expressed its intention to make it retrospective; but the commissioner takes the position that such general rule does not apply in the present case because, he says, the statute affects only the remedy or procedure and not the right. The case of *Chicago Board of Underwriters* v. *Industrial Commission,* 332 Ill. 611, is cited to support this contention. In that case the court held a statute similar to the one under consideration to be retroactive in effect and refused compensation to an applicant on that

ground. The Court said: "Statutes of limitation relate to the remedy and not the right. They are statutes of repose, designed to accelerate the settlement of controversies, and are therefore favored."

But, can a statute of limitation which destroys all right of recourse for an injury that has been suffered, in truth be said to affect the remedy alone? Is not the right of appellant destroyed by this statute if it be given retroactive effect? The right in itself may exist, but an inoperative and unenforceable right is a nullity. *Ubi jus ibi remedium.* To confine ourselves to the remedy alone is to beg the question.

Counsel for commissioner cite, the case of *McShan* v. *Heaberlin,* 105 W. Va. 447, as being the only case in this state dealing with the question of a change in the mode of procedure in the prosecution of claims for compensation. That case decides that a retrospective effect can be given a statute creating the Compensation Appeal Board in that such board has jurisdiction over compensation awards in accidents occurring before the passage of the statute. We quote from the opinion: "Where a new statute deals with procedure only, *prima facie,* it applies to all actions—those which have accrued or are pending, and future actions." No right could be affected in such manner. There exists a fundamental difference between this type of statute and one dealing with the limitation of actions. The one affects only the procedure, the other, indirectly but no less surely, not only effects, but destroys the right.

This court held long ago in the case of *Stewart* v. *Vandervort,* 34 W. Va. 524, that statutes should be construed retrospectively only where the intent that they shall so operate is expressed in clear and unambiguous terms or such intent is necessarily implied from the language. In *Harrison* v. *Harman,* 76 W. Va. 412, JUDGE POFFENBARGER speaking for the Court refers to the rule laid down in the *Stewart* case, and adds: "It is general and universal in its application and does not vary with the nature of the subject matter of the statute. Both substantive and remedial rights come under its operation. It has even repeatedly applied to statutes dealing with limitations of rights of actions." See *Rogers* v. *Lynch,* 44

W. Va. 94; *Casto* v. *Greer*, 44 W. Va. 332; *Walker* v. *Burgess*, 44 W. Va. 399; *Burns* v. *Hayes*, 44 W. Va. 503; *Central Trust Company* v. *Hall, Tax Commissioner,* 106 W. Va. 687, 146 S. E. 825.

In the discussion of the construction of statutes of limitatations we find the law thus clearly stated: "All authorities appear to approve the rule that statutes will be presumed to have been intended by the Legislature to be prospective and not retrospective in their action where a retrospective effect would work injustice and disturb rights acquired under the former law." 17 R. C. L., 683.

"As a general rule—a fundamental rule for the construction of statutes—statutes of limitation will not be given a retroactive effect, unless it clearly appears that the Legislature so intended." 37 C. J., 691.

In *Birmingham* v. *Lehigh and Wilkesbarre Coal Company,* (N. J.), 95 Atl. 242, there was a situation corresponding with the case at bar. There, as here, a limitation of one year was placed in the statute by amendment, but the court declined to apply the limitation to an accident which had occurred prior to the amendment.

In the light of the foregoing, we reverse the finding of the commissioner, and remand the case for further proceedings in accordance herewith.

*Reversed and remanded.*