# CHARLESTON.

ETTA J. TACKETT *v.* LEE OTT, *State Compensation Commissioner*

(No. 6688)

Submitted January 8, 1930. Decided January 14, 1930.

*Sherman H. Eary,* for appellant.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, and *Chas. D. Smith,* for appellants.

WOODS, JUDGE:

Grover Tackett died November 15, 1928, as a result of injuries sustained the day before, when the truck which he was driving overturned. His employer was a subscriber to

the compensation fund. Etta J. Tackett, to whom deceased was married in 1912, filed an application for compensation. The record discloses that she instituted a proceeding for divorce in September, 1927, and that same was still pending at the time of her husband's death. The claim was refused on the ground that the claimant had not brought herself within the statute. A few days after the finding of August 14, 1929, claimant, by her attorney, appeared before the commissioner, and, on the theory that the provisions of section 43, Chapter 15P, Barnes 1923 Code, as amended and re-enacted by Chapter 71, Acts 1929, applied to her claim, as well as to claims arising after the same went into effect, objected and excepted to said finding, and requested the commissioner to set a date for hearing. The commissioner re-opened the case on August 31st, but proceeded under the law as it stood at the time of the injury of the deceased. On October 31, 1929, an order was again entered denying claimant the right to participate in the fund.

Was the claimant entitled, under section 43, as amended, to the hearing therein provided for? So much of this section as is applicable provides: ''The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction * * * but upon the making of any award going to the basis of claimant's right to compensation, * *· * the commissioner shall give notice in writing to employer, employee or dependent, as the case may be, of his action, which action shall be final unless the employer, employee or dependent shall, within ten days after receipt of said notice, object to said finding, in which event upon receipt of objection in writing from the employer, employee or dependent relative to the basis of the claim on the ground that the injury was self-inflicted or that it was not received in the course of and resulting from his employment, or upon any other ground going to the basis of the claimant's or employer's right, the commissioner shall set a time and place for the hearing of evidence, notifying both the employer and claimant at least ten days in advance; and the evidence taken shall be transcribed and become a part of the record in the proceedings, together with other records thereof in the com-

missioner's office. After said hearing the action of the commissioner affirming, reversing or modifying his former action shall be final,'' etc. The portion of the statute authorizing a hearing is purely procedural. ''When a new statute deals with procedure only, *prima facie* it applies to all actions— those which have accrued or are pending, and future actions.'' *McShan* v. *Heaberlin*, 105 W. Va. 447; Lewis' Sutherland Statutory Construction (2nd Ed.), sec. 674; 25 R. C. L. 791; 36 Cyc. 1213. See, also, *Proffitt* v. *Commissioner*, 108 W. Va. 438, decided contemporaneously herewith, which deals with the statute under discussion here. The hearing provided for undoubtedly contemplates a right to be present and to hear and cross-examine any witness called at the time by either the Commissioner or the employer. The claimant in the instant case was entitled to have such hearing. We cannot say that she was not prejudiced by the refusal of the Commissioner to grant it. Inasmuch as the case must be sent back for this error, we make no comment on the weight of the evidence.

The case is remanded to the Commissioner with directions to set a time and place for the hearing of evidence, notifying both the employer and claimant, as provided by law.

*Reversed and remanded, with directions.*