CHLOE FARLEY HARDIN *v.* WORKMEN'S COMPENSATION
APPEAL BOARD *and* PURITAN COAL CORPORATION

(No. 8484)

Submitted January 13, 1937. Decided January 26, 1937.

*Wade H. Bronson,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for Compensation Appeal Board.

*Hogg & Crawford,* for Puritan Coal Corporation.

FOX, JUDGE:

The sole question in this case involves the application to the facts presented of Section 10, Article 4, Chapter

23, of the Code, as amended by Chapter 78, Acts of the Legislature, Regular Session, 1935, respecting the rights to compensation of dependents of a deceased person.

Preston Hardin suffered injury on the 29th day of October, 1930. At that date the pertinent statute (23-4-10) was in the language following:

> "In case the personal injury causes death within the period of one year from the date of the original injury, and the disability is continuous from the date of such injury until date of death, the benefits shall be in the amounts and to the persons as follows:".

The amendment involved makes the above quoted section read:

> "In case the personal injury causes death within the period of six years, and the disability is continuous from date of such injury until date of death, the benefits shall be in the amounts, and to the persons, as follows:".

The facts are not in dispute. Hardin was injured on October 29, 1930. He died on the 10th day of February, 1936, leaving a widow and two children who are alleged to be dependents. It is conceded that the original injury caused his death, and that the disability under which the decedent suffered was continuous from the date of injury until death. After the death of Hardin, these dependents filed an application for compensation, which application the compensation commissioner refused on the theory that claimants were not entitled to such compensation under the provisions of the amendment above mentioned, and by inference held that the statute in effect at the date of the injury to the deceased controlled, and not that in force at the date of his death.

Claimants contend, first, that the amendment to the section above quoted affects only a matter of procedure; and, second, that their rights grew out of the death of their decedent and not out of the accident causing the death.

We are first met with the question as to the relations

existing between the decedent and his employer. We are of the opinion that these relations were contractual in their nature. This results from the provisions of the statute requiring election of the employer to contribute to the compensation fund, and the requirement of notice to employees of such election, thereby, on the one hand, creating an agreement on the part of employer to contribute to the fund, and on the other, an agreement on the part of the employee to accept the benefits of the fund, and the consequent waiver of his right to assert claims against the employer, growing out of his employment, outside of the funds created for his benefit. The case of *Gooding* v. *Ott*, 77 W. Va. 487, 87 S. E. 862, L. R. A. 1916D, 637, holds that where a statute makes acceptance optional, and the parties freely and voluntarily enter into a contract of employment with reference to the statute, the statute should be read into the contract as an integral part thereof, binding the parties, and enforceable in any jurisdiction the same as any other contract. Under the holding of this Court, such contractual relation was created as between the employer and employee, and was in existence at the date of the injury out of which claimant's rights, if any, arise, and it follows that the rights of the claimant must be determined as of the date of the injury to Preston Hardin. This holding is supported by a general line of authorities. See note 82 A. L. R. 1244, wherein it is stated:

> "The right of the employee to compensation arises from the contractual relation between him and his employer existing at that time, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties. No subsequent amendment in relation to the compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed."

This being true, there was no jurisdiction in the compensation commissioner to award compensation to Hardin's dependents after the expiration of one year from the date of the original injury. This was expressly de-

cided in the case of *Long Flame Coal Company* v. *Compensation Commissioner*, 111 W. Va. 409, 163 S. E. 16. In this case, this Court awarded a writ of prohibition against the allowance to dependents of a deceased person, where the death resulted one day after the expiration of one year from the date of the injury involved, and in a companion case, heard with the case above cited, where the death occurred some four years after the date of the original injury. Therefore, the alleged dependents of Preston Hardin were not, at any time, in position to assert a claim for compensation after the 29th day of October, 1931. Their right to any compensation under the statute in effect at the date of the injury ended on that date. Giving to Section 10, as amended, the construction contended for by the claimants would be, in effect, to create a new and independent right from any existing at the effective date of the amendment. It may be questioned whether the legislature had the power to create such new right, in view of the contractual relations involved, but certain it is that it could not have done so except by the use of appropriate language manifesting a clear intent to do so.

This question has been decided by numerous decisions of this Court, beginning with *Jenkins* v. *Heaberlin*, 107 W. Va. 287, 148 S. E. 117. Lon Jenkins was killed December 30, 1924, and his mother, Lucy Jenkins, filed a claim for compensation in May, 1925. The decision on her claim seems to have been delayed until April, 1929. In the meantime, in March, 1929, the legislature imposed a limit of one year within which any award could be made in cases involving fatal injury, such limitation to run from date of death, a limitation which had not existed at the date of the death of Jenkins, and when the claim based on his death had been filed. The Court held that the statute in question was not a barrier to a proceeding for award of compensation based on an injury which had occurred more than one year prior to the amendment, where it appeared that the application for such award was properly pending when the amendment was adopted. This case has been followed in *Bonner* v. *Compensation Commissioner*, 110

W. Va. 38, 156 S. E. 847, *Carbon Fuel Company* v. *Compensation Commissioner*, 111 W. Va 639, 163 S. E. 62, and *Collett* v. *Compensation Commissioner*, 116 W. Va. 213, 179 S. E. 657. It follows, of course, that the same rule must apply both as respects the employer and the employee. Any amendment to a statute which either destroys a substantial right or creates a new right, cannot, in our opinion, be treated as a mere matter of procedure. The amendment to Section 10, given the construction contended for by the claimants, created in them a new and independent right from anything existing immediately before the amendment, just as the limitation involved in the *Jenkins* case, and other cases cited, destroyed a right theretofore existing. In both instances, substantive rights and remedies were involved and they go far beyond any question of procedure.

We cannot agree to the contention of the claimants that their rights arise from the death of Preston Hardin and not the injury causing his death. Such contractual relations as may have existed were between the employer and Preston Hardin, and the claimants were in no sense parties to such relation. Only such rights as may have survived the death of Hardin, for the benefit of his dependents, can now be asserted. We have seen that any such rights in favor of the dependents of the decedent ended at the expiration of one year from the date of the original injury. We refer to note 82 A. L. R. 1244, wherein it is stated:

> "As regards the rights of relatives or dependents of a deceased employee to compensation, it is generally held that their rights are controlled by the law as it existed at the time of the injury to the employee, rather than the law as it existed at his death or at the time of the award, the theory being that the Workmen's Compensation Act does not create new rights of action in the relatives or dependents of an employee on his death, but that his right merely survives for their benefit."

And in Schneider on Workmen's Compensation Law, Volume 2, Section 577, it is stated:

"Amendments to the compensation act which affect the procedure only, and in no way interfere with the substantial rights of the parties, are retroactive in their operation and apply to cases which arose prior to the amendment. But where the amendment affects the substantive rights of the parties, it has no retroactive effect. Thus, questions of dependency are to be determined by the law in force at the time of the accident and not by the law as subsequently amended."

There is some conflict of authority on this point. 71 C. J. 338; 28 R. C. L. 715. But in view of our holding that a contractual right is involved, and the general trend of authorities being against the retroactive effect of the statute under consideration, and our conclusion being in line with general principles announced herein, we are of the opinion that no independent rights arose in the claimants through the death of their decedent.

It results from these observations that the opinion of the Appeal Board is affirmed.

*Affirmed.*