AMBROSE GREER *v.* WORKMEN'S COMPENSATION COMMISSIONER *et al.*

(No. 9178)

Submitted April 15, 1941. Decided May 6, 1941.

*Ashworth & Sanders* and *J. K. Edmundson,* for appellant.

*Clarence W. Meadows,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *J. Randolph Tucker,* for appellees.

ROSE, JUDGE:

Ambrose Greer prosecutes this appeal from the action of the Workmen's Compensation Commissioner on August 7, 1940, denying his petition for additional compensation filed on the third day of August, 1940; and the order of the Appeal Board, dated December 21, 1940, by which the action of the commissioner was affirmed.

The appellant was injured June 6, 1919, while employed by the Carter Coal Company, for which he was allowed temporary total disability at the rate of $7.91 per week, which allowance was subsequently increased to fifty per cent permanent partial disability for 150 weeks, and this, on the 31st day of July, 1922, was increased to seventy per cent permanent partial disability, or 210 weeks, which expired June 21, 1923.

The injury is described in the commissioner's records as "contused wound of hips"; "contused wound of skull"; "contused wound of spine." After the final payment to the claimant on June 21, 1923, the record shows nothing further done by the claimant or by the commissioner except under date of November 20, 1928, the commissioner replied to a letter of inquiry from the Welfare Association of Cecil County, Maryland, advising the association that Greer had been fully compensated for his injury and his case closed. The present petition recites the history of the case, with this additional paragraph.

> "Claimant says further that he is now, and has been since the date of his aforesaid injury, totally and permanently disabled from performing any work or labor; that his present disability is due to and a result of said compensable injury; that he is advised by competent physicians that he will forever remain totally and permanently disabled."

The commissioner rejected this petition on the ground that:

> "Our Workmen's Compensation Law provides that no further award may be made in either fatal or non-fatal cases arising on account of injuries occurring prior to March 7, 1929, unless written application for such award, signed personally by claimant, or, in case of claimant's infancy or physical or mental incapacity, by his or her guardian, next friend, or committee, be filed with the commissioner on or before September 15, 1939."

The Appeal Board, "being of opinion that the Commissioner's said action is supported by the record," sustained the commissioner.

It will, therefore, be seen that nothing is before us except the single legal question, whether, upon this showing, the appellant's claim was legally barred by the statute referred to (Section 16, Chapter 137 of the Acts of the Legislature of 1939), which reads as follows:

"The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: * * * And provided further, that no further award may be made in either fatal or non-fatal cases arising on account of injuries occurring prior to March seventh, one thousand nine hundred twenty-nine, unless written application for such award, signed personally by claimant, or, in case of claimant's infancy or physical or mental incapacity, by his or her guardian, next friend, or committee, be filed with the commissioner on or before September fifteenth, one thousand nine hundred thirty-nine."

It is fully agreed between opposing counsel that if this statute operates to destroy any vested contractual right of the appellant, it is unconstitutional. *Jenkins* v. *Heaberlin,* 107 W. Va. 287, 148 S. E. 117; *Hardin* v. *Appeal Board,* 118 W. Va. 198, 189 S. E. 670; 16 C. J. S. p. 1234. And it is equally agreed that if the statute operates only as a modification of the claimant's remedy for the enforcement of such right, leaving his full right unimpaired, it is valid. *McShan* v. *Heaberlin,* 105 W. Va. 447, 143 S. E. 109; *Tackett* v. *Ott,* 108 W. Va. 402, 151 S. E. 310; *Proffitt* v. *Commissioner,* 108 W. Va. 438, 151 S. E. 307; 2 Schneider on Workmen's Compensation Law (2d Ed.), section 577; 71 Corpus Juris, p. 340, 341.

It is possible to conceive a case under our Workmen's Compensation Law in which the very substance of a claimant's right might be substantially affected by the application of this statute, but it is also very apparent that as to many, if not most, of such cases, this act will touch only the method and time of acting by a claimant

in the enforcement of his right. We believe the present case belongs to the latter class.

It will be noted that the petitioner's claim is for a total disability, now existing, and which has existed continuously since the date of his injury, June 6, 1919. Hence, if his present claim is well founded, the findings of the commissioner on July 31, 1922, were erroneous. But no appeal was taken and no further application made. From July 31, 1922, to August 3, 1940, the claimant acquiesced in the commissioner's decision. Further, even now, he makes no contention that there has been any aggravation of, or new development in, his injury. From the date of the last payment to him on June 21, 1923, to the date of the filing of the present petition, his condition has been open and obvious, and no pretense is made that he was not fully aware of his condition and his right, if any he had, to additional compensation. His condition during all this time was fully developed; his right had "accrued"; and thus his case stood on the 11th day of March, 1939, when the act here under consideration was passed and became effective. This act took away no right, vested or nonvested; it destroyed no claim and affected this claimant only to the extent of requiring him to present his claim, if any he had, on or before the 15th day of September, 1939. It did not operate retroactively, and did not purport so to do. It was wholly prospective in its effect. It merely provided that if such claimant as the appellant did not do a certain thing by a fixed time in the future, he should lose certain rights.

This provision of the statute is perfectly consistent with many other provisions of our Workmen's Compensation Law by which a claimant is required to act within a prescribed time or lose his benefits. If an injured workman fails to present his claim to the commissioner within six months after his injury, he can have no relief; and all proof of dependency in fatal cases must be filed with the commissioner within nine months from and after the death; an appeal from the commissioner's finding must be made within thirty days; and an appeal to this Court must be made within thirty days after the decision of the

appeal board. If, therefore, we consider this statute as requiring this particular claimant to have presented his claim contained in his petition before September 15, 1939, how does such a requirement in legal effect differ from the other provisions of the statute requiring such claimant to present and prosecute his claim within a fixed period?

Our statutes are full of provisions requiring claims, contractual and tortious, to be prosecuted within limited times. In fact, we think of no other legal claim which is without a time limit in its enforcement. Is a workman's compensation claim inherently of such a different character or of such higher sanctity that it should be singled out and held immune to a statute of limitations? It is universally held that the legislature may establish, or lengthen, or shorten, the time within which any sort of judicial, or quasi judicial, proceeding may be instituted for the enforcement of legal rights, provided a reasonable time be allowed for the instituting of proceedings on rights then existing. *Allen* v. *Mottley Const. Co.,* 160 Va. 875, 170 S. E. 412; *Wilson* v. *Iseminger,* 185 U. S. 55, 22 S. Ct. 573, 46 L. Ed. 804; *Smith & Marsh* v. *Northern Neck Mut. F. Ass'n.,* 112 Va. 192, 70 S. E. 482, 38 L. R. A. (N. S.) 1016; *Lewis* v. *Crowell,* 205 Mass. 497, 91 N. E. 910.

These statutes have never been held to contravene the constitutional provision against the impairment of a contract. They do not impair the contract, but merely require prompt enforcement thereof. They do not destroy or affect any vested interest or right. A creditor, an injured person, or claimant, such as the one now at bar, has a vested contractual right in the money to which he is entitled, but he does not have a vested right to the privilege of delaying to his own satisfaction the enforcement of his claim. *White* v. *City of Charleston,* 98 W. Va. 143, 128 S. E. 705; *Paulsen* v. *Rogers,* 32 Gratt. 654, 73 Va. 654.

Our law contains many provisions, which require the prosecution of claims before fixed dates, short of the statute of limitations. A creditor of a bankrupt is compelled to present his claim at the time fixed by order of court or be forever barred. One holding a claim against a decedent's estate is required by proceedings had in the

settlement of the estate to file his claim by a fixed date. In a general creditor's suit, a lienor whose lien has yet years to run, is compelled to present his claim at the convention of creditors, or lose it. Why, then, should a claimant against the Workmen's Compensation Fund feel himself aggrieved if the legislature provides a time limit beyond which accrued claims cannot be allowed?

Statutes of limitations are universally held to be beneficent. The inconvenience, or hardship, which they may inflict upon occasional dilatory claimants, or creditors, do not in any way affect their general good. When this general principle is specifically applied to the Workmen's Compensation Fund, the necessity of some time limit for prosecution of claims becomes at once apparent. This fund is for the benefit of the workmen contributing thereto. It is, therefore, to their interest that claims against the fund be presented at a time when intelligent investigation is possible, and adjudication thereof can be made with reasonable certainty. If the fund be left subject to claims, presented twenty years after the injury on which they are based, as in this case, or forty, or sixty years thereafter, as might well occur, the fund itself would lay wide open to every conceivable kind of exploitation and fraud, to the injury, not the benefit, of those entitled to its protection. Further, it would not be possible under such a plan, by any actuarial calculation, to know, within even approximate limits, the obligations of the fund, or what contribution ought to be made currently to take care of its beneficiaries, or whether the fund, at any date, is solvent or otherwise. The wisdom of the limitation for presentation of claims here attempted by the legislature is, therefore, perfectly obvious; and the power of the legislature to fix such limitation, we believe, has been constitutionally exercised. We are, therefore, of the opinion that appellant's claim, as presented by the petition here under consideration is barred by reason of its not having been presented before the 15th day of September, 1939.

One other thing we believe should be mentioned. We observe that the petition herein bears the signature of the

claimant in typewriting only. The statute expressly provides that no further award can be made in a non-fatal case on account of injury occurring prior to March 7, 1929, "unless written application for such award, signed personally by claimant" is filed in the manner provided therein. No point was made before the commissioner, the appeal board or here on this defect, and we, therefore, make no finding as to the sufficiency or insufficiency of such a signature, but, in the interest of future applicants, we call attention to the express requirement of the statute.

The finding of the commissioner, and the action of the appeal board are affirmed.

*Affirmed.*

KENNA, PRESIDENT, dissenting:

I regret that I have to disagree with the finding of the majority for the reason that I do not believe it sufficiently draws the distinction between the effect of the Workmen's Compensation Act, which I believe, according to the clear weight of authority, creates a contract between the employer and the employee, and statutes of limitation which affect no right, but relate exclusively to the remedy. See *Gooding* v. *Ott*, 77 W. Va. 487, (493), 87 S. E. 862, L. R. A. 1916D, 637, 3 A. L. R. 1353n, 1364n, 59 A. L. R. 741n.

In theory, under a compensation act, the workman agrees, as and for a consideration moving to the employer, in the event of injury in the course of and resulting from his employment, to relinquish his right of recovery at law for the master's fault and to accept in lieu thereof limited compensation regardless of negligence if his claim therefor is filed within six months of the date of his injury. Otherwise, his right to compensation does not exist. There is no statutory bar of the remedy alone.

The employer, as his part of the contract, agrees to contribute to the compensation fund from which awards to the employees are not to be restricted to those entitled by reason of the employer's common law liability, but are

to be made to injured employees, or their dependents, unless resulting from willful misconduct or a violation of a properly promulgated rule. The employer further agrees that against an award for compensation, certain common law defenses shall not be available to him. The State of West Virginia agrees to administer the fund, and to my mind, the existing procedural requirements of the statute enter into and become an integral part of the contract itself, the rights under which vest at the time of injury.

This claimant had met all the statutory requirements existing at the time of his injury. His claim had been properly filed, properly presented, and the continuing jurisdiction of the commissioner over such a claim at that time was not limited. His claim, without being subject to such a limitation, became vested in him as a right of property.

As to the act of March 11, 1939, being retroactive, here, again, I do not think the required distinction is drawn. As a statute of limitations I have no difficulty in agreeing that it could not be a retroactive bar, being valid as to existing rights of action only, because of the reasonable time necessarily allowed a claimant from its effective date. But if that act is regarded as intended to affect a vested contractual right, as I believe it was, so far as it is applied to injuries inflicted before its date, the fact of its being retroactive is inescapable.

I agree with what is said in the majority opinion as to the practical effect and administration of the compensation act, and that stabilizing the compensation fund is an essential and laudatory purpose. These matters, however, are the primary concern of the legislature, and should not be permitted to affect the basic principle which underlies the constitutionality of compensation legislation, which is universally looked upon, now even where compulsory, as creating a contractual relationship under the existing terms of the compensation act.