KITER MAXWELL

*v.*

STATE COMPENSATION DIRECTOR *et al.*

(No. 12476)

Submitted September 7, 1965.    Decided October 12, 1965.

*Dayton, Campbell & Love, George W. S. Grove, Jr.,* for appellant.

*Patrick J. Flanagan,* for appellee.

CALHOUN, JUDGE:

This case is before the Court on an appeal by the employer, United States Steel Corporation, from an order of the workmen's compensation appeal board dated May 10, 1965, which affirmed a ruling of the workmen's compensation director dated December 15, 1964, by which Kiter Maxwell was awarded benefits as a dependent widow at the rate of $75.00 a month.

The pertinent facts are undisputed. The primary question presented for decision is whether the widow is entitled to benefits at the rate of $75.00 a month under the statute which was in effect when her husband died on May 22, 1963, as a result of third stage silicosis, or whether she is entitled to benefits at the rate of $65.00 a month under the statute in effect when the deceased husband terminated his employment in the employer's coal mine on November 22, 1960, because of ill health. The husband did not file a claim for workmen's compensation benefits during his lifetime, but an autopsy disclosed that his death resulted from third stage silicosis.

Counsel for the respective parties agree that at the time the employee ceased work on November 22, 1960, Code, 1931, 23-4-10, as amended in 1957, provided for benefits to a dependent widow at the rate of $65.00 a month; and that at the time of the employee's death on May 22, 1963, Code, 1931, 23-4-10, as a consequence of the 1961 amendment, provided for benefits to a dependent widow at the rate of $75.00 a month. The sole question presented for decision is, therefore, one of law.

In *Hardin* v. *Workmen's Compensation Appeal Board et al.,* 118 W. Va. 198, 189 S. E. 670, the holding of the Court

was summarized in the first point of the syllabus as follows: "In case of an injury resulting in the death of an employee, the statute governing compensation to the dependents of the deceased, in effect at the date of the original injury, controls the award, and not the statute in force at the date of the death of the employee." Previous cases holding workmen's compensation statutes not to be retroactive in operation are *Collett et al.* v. *State Compensation Commissioner,* 116 W. Va. 213, pt. 1 syl., 179 S. E. 657; *Cherry* v. *State Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Carbon Fuel Co.* v. *State Compensation Commissioner et al.,* 111 W. Va. 639, 163 S. E. 62; *Bonner* v. *State Compensation Commissioner,* 110 W. Va. 38, 39, 156 S. E. 847, 848; *Jenkins* v. *Heaberlin,* 107 W. Va. 287, 148 S. E. 117. The same general legal principle was adhered to subsequently in *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 520, 16 S. E. 2d 920, 923; *Greer* v. *Workmen's Compensation Commissioner et al.,* 123 W. Va. 270, 15 S. E. 2d 175; *Lancaster* v. *State Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601; *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Taylor* v. *State Compensation Commissioner et al.,* 140 W. Va. 572, 86 S. E. 2d 114. The holdings of these cases are based on the presumption that statutes, including amendatory statutes, are intended to operate prospectively only and not retroactively; and upon the principle that workmen's compensation statutes become an integral part of the contract of employment between the employer and the employee. These decisions point out that a statute, if possible, will be given a construction which will avoid its unconstitutionality and that an amendment of a workmen compensation statute cannot be construed to have a retroactive operation if the effect thereof would be to impair the obligation of the employment contract or to impair or destroy a substantial right.

The general legal principle relating to prospective operation of workmen's compensation statutes was apparently adhered to without deviation in decisions of this Court until the decision was made in *Webb* v. *State Compensation Commissioner,* 138 W. Va. 21, 76 S. E. 2d 248. In that case, the employee was awarded benefits for silicosis in the third

stage under a 1945 statute which required that third stage silicosis be accompanied by tuberculosis of the lungs. The employee died in 1951, after a 1949 amendment of the statute eliminated the requirement of tuberculosis. An autopsy disclosed that the employee's death resulted from silicosis unaccompanied by tuberculosis. The Court held that the 1949 act was applicable to the claim of the dependent widow and, accordingly, she was awarded benefits, notwithstanding the fact that the husband's silicosis was not accompanied by tuberculosis. In a dissenting opinion, Judge Browning took the position that the effect of the decision was to give retroactive effect to the 1949 amendment, and that in that respect it was out of harmony with the Court's prior decisions.

In *Peak* v. *State Compensation Commissioner et al.*, 141 W. Va. 453, 91 S. E. 2d 625, the employee-husband ceased work on February 24, 1947. From that date until his death on January 11, 1953, he was continuously and totally disabled. On October 30, 1947, he filed a claim for workmen's compensation benefits. He was found to be suffering from silicosis and, accordingly, an award of benefits was made to him. An autopsy disclosed that the employee, at the time of his death, was suffering from an "unusually advanced stage of pneumoconiosis or silicosis, third stage," but that the silicosis was not accompanied by tuberculosis. The widow's claim for benefits was denied by the commissioner on the ground that the statute in effect at the time of the husband's last exposure required that the employee's silicosis be accompanied by tuberculosis in order to constitute silicosis in the third stage; and that retroactive effect could not be given to the 1949 statutory amendment which became effective between the date of the husband's last exposure and the date of his death and which amendment eliminated the requirement that the silicosis be accompanied by tuberculosis. The ruling of the commissioner was affirmed by the workmen's compensation appeal board. Upon appeal, this Court reversed the order of the appeal board and held that the widow was entitled to benefits. Judge Haymond wrote a dissenting opinion in which Judge Browning joined. The dissent, generally speaking, was based upon the reason-

ing and legal principles upon which Judge Browning relied in his dissent in the *Webb* case.

The holdings of the *Webb* and *Peak* cases were considered and limited in *Acree* v. *State Compensation Commissioner et al.,* 146 W. Va. 654, 122 S. E. 2d 291.

*Terry* v. *State Compensation Commissioner et al.,* 147 W. Va. 529, 129 S. E. 2d 529, involved a claim of the dependent widow and children of a deceased employee. The employee was last exposed to silicon dioxide dust in harmful quantities on August 18, 1953, and he filed his application for benefits on September 16, 1953. He was found to be suffering from silicosis and was awarded workmen's compensation benefits. At the time he was last exposed to silicon dioxide dust in harmful quantities, at the time of the filing of his claim, at the time an award of benefits was made to him, at the time of his death and at the time of the filing of the widow's claim, Code, 1931, 23-4-6a, as amended in 1949, contained the following provision relating to benefits to be paid to dependents of a deceased employee: "If the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities *and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage,* the benefits shall be in the amounts and to the persons provided for in section ten of this article." (Italics supplied.) The commissioner did not determine at the time of the original award to the claimant that he was suffering from silicosis in the third stage. An autopsy disclosed, however, that the employee was suffering from silicosis in the third stage at the time the award was made to him and that his death resulted from silicosis in the third stage. At the time an award of dependent benefits was made in 1962, there was in effect a 1961 amendment of the statute which eliminated the previous requirement of a determination by the commissioner of silicosis in the third stage at the time of the original award as a prerequisite of an award to dependents. Therefore, if the statute as amended in 1949 were applied, the dependents would not be entitled to benefits;

but if the statute in effect at the time of the award of dependent benefits were applied, the surviving dependents would be entitled to benefits. The appeal board reversed the order of the commissioner, which awarded benefits to the dependent widow and children, held that the claim of the dependents was not compensable and dismissed the claim. Upon appeal, this Court unanimously affirmed the action of the workmen's compensation appeal board. In doing so, the Court held that the statute as amended in 1949 was applicable; that the statute was clear and unambiguous; that the commissioner had not determined at the time of the original award that the employee was suffering from silicosis in the third stage; that such determination by the commissioner was an indispensable prerequisite to an award of benefits to the dependents; that the subsequent statutory amendment which eliminated that prerequisite could not be given retroactive effect; and that the *Webb* and *Peak* cases were disapproved to the extent that they were inconsistent with the decision in that case. The Court also dealt with the proposition which is relied upon by the claimant in this case, that is, that the claim of a dependent widow is separate from that of the deceased husband-employee. In the *Terry* case, the Court recognized that the claim of the widow is separate and distinct from that of the deceased employee, but stated that this fact could not alter or render inoperative legal principles relating to prospective or retroactive operation of statutes.

Workmen's compensation statutes, including amendments thereof, which affect the procedure only, and which in no way interfere with the substantial rights of the parties, are retroactive in their operation and apply to cases which arose prior to the effective date of the enactment. But where such a statute or such an amendment affects the substantive rights of the parties or alters their contractual rights or obligations, it can have no retroactive effect. Schneider, The Law of Workmen's Compensation (2d Ed.), Volume II, Section 577, pages 2139-40; Schneider's Workmen's Compensation Text (3d or Permanent Ed.), Volume 12, Section 2552, pages 389-91; 58 Am. Jur., Workmen's Compensation, Section 33, page 599, Section 73, page 627,

and Section 404, page 844; *Consentina* v. *State Compensation Commissioner et al.,* 127 W. Va. 67, 31 S. E. 2d 499; *Greer* v. *Workmen's Compensation Commissioner et al.,* 123 W. Va. 270, 15 S. E. 2d 175; *Proffitt* v. *State Compensation Commissioner et al.,* 108 W. Va. 438, 151 S. E. 307; *Tackett* v. *State Compensation Commissioner et al.,* 108 W. Va. 402, 404, 151 S. E. 310, 311; *Jenkins* v. *Heaberlin,* 107 W. Va. 287, 289, 148 S. E. 117, 118; *McShan* v. *Heaberlin,* 105 W. Va. 447, 450-51, 143 S. E. 109, 110.

It is a well established legal principle that workmen's compensation statutes become a part of and are read into the contract created by the employment. *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 445, 48 S. E. 2d 9, 11; 99 C. J. S., Workmen's Compensation, Section 14, page 64. In *Lester* v. *State Compensation Commissioner et al.,* 123 W. Va. 516, 520, 16 S. E. 2d 920, 923, the Court stated: "In other words Lester and his employer contracted with respect to compensation for injuries on the basis of what the pertinent statute was at that time, and the right of the legislature to employ retroactive legislation to change or impair the obligation of an existing contract can only be justified in cases where the exercise of the police power of the state calls for some impairment of contract rights in the public interest. In this case, however, there is no showing of any legislative intent to make the 1937 amendment retroactive, and, strictly speaking, the question of its right to do so does not arise. The 'clear, strong and imperative' words necessary to show an intent to make the legislation retroactive are not present in the statute." The same principle was similarly stated in *Hardin* v. *Workmen's Compensation Appeal Board et al.,* 118 W. Va. 198, 199-200, 189 S. E. 670, 671, as follows:

> "We are first met with the question as to the relations existing between the decedent and his employer. We are of the opinion that these relations were contractual in their nature. This results from the provisions of the statute requiring election of the employer to contribute to the compensation fund, and the requirement of notice to employees of such election, thereby, on the one hand, creating

an agreement on the part of employer to contribute to the fund, and on the other, an agreement on the part of the employee to accept the benefits of the fund, and the consequent waiver of his right to assert claims against the employer, growing out of his employment, outside of the funds created for his benefit. The case of *Gooding* v. *Ott*, 77 W. Va. 487, 87 S. E. 862, L. R. A. 1916D, 637, holds that where a statute makes acceptance optional, and the parties freely and voluntarily enter into a contract of employment with reference to the statute, the statute should be read into the contract as an integral part thereof, binding the parties, and enforceable in any jurisdiction the same as any other contract. Under the holding of this Court, such contractual relation was created as between the employer and employee, and was in existence at the date of the injury out of which claimant's rights, if any, arise, and it follows that the rights of the claimant must be determined as of the date of the injury to Preston Hardin."

See also an annotation in 82 A. L. R. 1244. In the *Hardin* case the Court (118 W. Va. 202, 189 S. E. 672) made the following additional statement: "Any amendment to a statute which either destroys a substantial right or creates a new right, cannot, in our opinion, be treated as a mere matter of procedure."

We are of the opinion that the rights and obligations of the employer and the employee under the workmen's compensation statutes became fixed and determined when the employee in this case terminated his employment on November 22, 1960. That was the last possible date of his exposure to silicon dioxide dust in harmful quantities arising from his employment. We believe that this must be regarded as the equivalent of the date of the workman's "injury," as that term is used in the workmen's compensation statutes and in the court decisions relating to such statutes. The amendment of the workmen's compensation statute which increased the amount of dependent widow benefits and which became effective after the date of the termination of the employment cannot be regarded as an integral part of the employment contract.

The statutory amendment which increased the amount of dependent widow benefits from $65.00 to $75.00 cannot be regarded as relating merely to procedure or to the remedy. If retroactive operation could be given to a statutory amendment increasing the amount of dependent benefits, it would seem to follow that the amount of benefits could be reduced in a similar manner. A statutory change in the amount of dependent widow benefits affects the substantial rights of the dependent. An increase in the amount of dependent benefits alters and increases the obligation of the employer to contribute to the compensation fund. *In Riggs* v. *Lehigh Portland Cement Company,* 76 Ind. App. 308, 131 N. E. 231, the court stated: "To permit subsequent legislation to increase or diminish the compensation specified in awards would be to strike down vested rights. * * * To give to the amendment the effect desired by appellant would be to confer on the child a substantive right which she did not possess at the time of the injury and death of her father, and to impose on the employer a burden not imposed by the law at that time, and would be giving an unwarranted retroactive effect to the amendment." See annotation, 82 A. L. R. 1244.

For reasons stated in this opinion, we are of the opinion that the director and the appeal board made an unwarranted retroactive application of the statutory amendment which increased dependent widow benefits from $65.00 to $75.00; and that the proper award to the widow in this case should be $65.00 a month. The ruling of the appeal board dated May 10, 1965, which affirmed a ruling of the director dated December 15, 1964, is, therefore, reversed, and the Court's decision embodied in this opinion will be certified to the workmen's compensation appeal board and to the workmen's compensation commissioner.

To the extent that the holdings of the Court in *Webb* v. *State Compensation Commissioner,* 138 W. Va. 21, 76 S. E. 2d 248, and *Peak* v. *State Compensation Commissioner,* 141 W. Va. 453, 91 S. E. 2d 625, are inconsistent with the decision of the Court, as stated in this opinion, they are expressly overruled.

*Reversed.*