407 S.E.2d 388

**Betty KOSEGI, Administratrix of the Estate of Kathryn Katic, Deceased, Plaintiff Below, Appellant,**

**v.**

**Charles M. PUGLIESE and Thelma M. Pugliese d/b/a the Rogers Hotel, Defendants Below, Appellees.**

**No. 19554.**

Supreme Court of Appeals of West Virginia.

Submitted May 7, 1991.

Decided July 9, 1991.

---

Marc B. Chernenko and William J. Ihlenfeld, Wheeling, for appellant.

William T. Fahey, Weirton, for appellees.

WORKMAN, Justice:

Appellant Betty Kosegi, administratrix of the estate of Kathryn Katic, appeals from an adverse summary judgment ruling in the wrongful death civil action which she initiated on behalf of her deceased mother's estate. Appellees are the owners of The Rogers Hotel ("hotel"), the place of Mrs. Katic's employment and the location of her death. Based on its determination that the hotel was not in default of its obligation to pay workers' compensation premiums, the Circuit Court of Ohio County ruled that appellant was not entitled to bring a common-law negligence action against the hotel pursuant to applicable workers' compensation statutes. Our review of the applicable statutes convinces us that the hotel was in default of its obligation to the West Virginia Workers' Compensation Fund ("Fund") and accordingly the circuit court erred in granting summary judgment in favor of appellees.

During the early morning hours of December 23, 1982, the now-deceased Kathryn Katic was a seventy-year-old employee at

the hotel which is located in Wheeling, West Virginia. As the night maid, Mrs. Katic's various duties included registering new guests, cleaning the lobby, and performing routine inspections of the hotel's various floors. Her normal hours of employment were from 11:00 p.m. to 7:00 a.m. On December 23, 1982, a hotel guest discovered Mrs. Katic's body on the floor of the hotel's elevator at approximately 3:00 a.m. Mrs. Katic had been stabbed to death.

Based on her position that the volume of crimes which had occurred on the premises during the ten years prior to Mrs. Katic's murder rendered the hotel a dangerous place of employment, appellant initiated a cause of action against the hotel predicated on theories of common-law negligence and *Mandolidis*.[1] When summary judgment was granted, the common-law negligence claim was the only remaining cause of action because appellant had voluntarily dismissed the *Mandolidis* claim.

 The parties concur that appellant's negligence claim can only be pursued if the hotel was in default of its obligation to remit workers' compensation premiums and therefore subject to a common-law negligence cause of action pursuant to W.Va. Code § 23-2-6 (1985). That statutory provision provides, in pertinent part, that

> [a]ny employer subject to this chapter who shall subscribe and pay into the workmen's compensation fund the premiums provided by this chapter ... shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring ... during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter.

The clear import of this statutory provision is that an employer who is in default of its obligation to remit workers' compensation premiums to the Fund is *not* entitled to immunity from common-law liability.

Workers' compensation premiums are required to be paid on a quarterly basis "on or before the last day of the month following the end of the quarter." W.Va.Code § 23-2-5(a) (1985). Appellees do not dispute that the quarterly premium and payroll report due for the quarter preceding the death of Mrs. Katic, *i.e.*, July 1 to September 30, 1982, were not paid or filed respectively with the Fund. Appellees' admit, additionally, that the workers' compensation premium and payroll report due for the quarter in which Mrs. Katic was killed, *i.e.*, October 1 to December 31, 1982, were likewise not paid or filed pursuant to the time schedule established by W.Va.Code § 23-2-5(a).[2]

The hotel ultimately paid its workers' compensation premiums for the third and fourth quarters of 1982 on March 22, 1983. Appellant maintains that appellees' failure to timely submit workers' compensation premiums for the second two quarters in 1982 rendered them in default with respect to the state's workers' compensation laws and thereby stripped appellees of their entitlement to immunity from common-law liability. *See* W.Va.Code § 23-2-6. Appellees take the position that notwithstanding their delinquent payments for the second two quarters in 1982, they were not in default with respect to the payment of such premiums and are therefore still exempted from common-law liability.

Appellees' sole basis for contesting that they were statutorily in default for failure to remit premium payments is the 1984 amendment to W.Va.Code § 23-2-5. The provisions of W.Va.Code § 23-2-5 as in effect in 1982 required that an employer who was delinquent in the payment of workers' compensation premiums "shall be deprived of the benefits and protection af-

1. *See Mandolidis v. Elkins Indus., Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978).

2. Pursuant to the statutory payment schedule set forth in W.Va.Code § 23-2-5(a), the hotel's premium for the third quarter of 1982 (July 1–September 30, 1982) was due to be filed on or before October 31, 1982. The premium for the fourth quarter of 1982 (October 1—December 31, 1982) was required to be paid no later than January 31, 1983.

forded by this chapter, including section six [§ 23–2–6] of this article, and shall be liable as provided in section eight [§ 23–2–8] [3] of this article, as well as for all benefits paid to said employee as provided by this chapter." Pursuant to the 1982 statute, an employer whose failure to timely remit premiums rendered him delinquent within the scheme of the workers' compensation system was thereby mandatorily subjected to common-law negligence liability.

Under the 1982 statute, the workers' compensation commissioner was not required to notify an employer that its delinquency rendered it in default and consequently deprived it of the benefits and protection afforded by Chapter twenty-three. When W.Va.Code § 23–2–5 was amended in 1984, the amendments included a provision which required the commissioner "in writing, within sixty days of the end of each quarter [to] notify all delinquent employers of their failure to timely pay premiums, to timely file a payroll report, or to maintain an adequate premium deposit." W.Va. Code § 23–2–5(b) (1984). The amendments further provided that "[f]ailure by the employer, who is required to subscribe to the fund and who fails to resolve his delinquency within the prescribed period [before the end of the third month following the end of the preceding quarter], shall place the account in default and shall deprive such defaulting employer of the benefits and protection afforded by this chapter...." W.Va.Code § 23–2–5(d) (1984).

Notwithstanding the fact that statutory amendments are commonly viewed as operating prospectively rather than retroactively, appellees contend that the 1984 amendments to W.Va.Code § 23–2–5 should be applied retroactively to preclude the hotel from being declared in default. *See Maxwell v. State Compensation Director*, 150 W.Va. 123, 125, 144 S.E.2d 493, 495 (1965), *overruled on another point by Sizemore v. State Workmen's Compensation Comm'r*, 159 W.Va. 100, 219 S.E.2d 912 (1975). This Court recognized in *Maxwell* that:

> [w]orkmen's compensation statutes, or amendments of such statutes, which affect merely the procedure may be construed to have a retroactive operation; but any such statute or amendment which affects the substantial rights or obligations of the parties to the contract arising from the employment relationship or which impairs the obligation of such a contract cannot be construed to operate retroactively.

*Id.* at Syl. Pt. 3. The amendment to W.Va. Code § 23–2–5 which now requires the commissioner to advise an employer of its delinquent status with respect to premium payments is certainly procedural in nature. Nonetheless, because appellant would be denied the right to bring a common-law negligence civil action under the 1984 version of the statute while she is clearly entitled to bring that type of action under the 1982 version of the same statutory provision, the retroactive application of this amendment would clearly affect appellant's

---

3. West Virginia Code § 23–2–8 (1985) states, in pertinent part, as follows:

All employers required by this chapter to subscribe to and pay premiums into the workmen's [workers'] compensation fund, ... and who do not subscribe to and pay premiums into the workmen's compensation fund as required by this chapter and have not elected to pay individually and directly or from benefit funds compensation and expenses to injured employees or fatally injured employees' dependents under the provisions of section nine [§ 23–2–9] of this article, or having so subscribed or elected, shall be in default in the payment of same, or not having otherwise fully complied with the provisions of section five or section nine [§§ 23–2–5 or 23–2–9] of this article, shall be liable to their employees (within the meaning of this article) for all damages suffered by reason of personal injuries sustained in the course of employment caused by wrongful act, neglect or default of the employer or any of the employer's officers, agents or employees while acting within the scope of their employment and in the course of their employment and also to the personal representatives of such employees where death results from such personal injuries, and in any action by any such employee or personal representative thereof, such defendant shall not avail himself of the following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of risk; or the defense of contributory negligence; ....

substantive rights. Accordingly, the 1984 amendments cannot be applied retroactively under this Court's holding in *Maxwell*. *See* 150 W.Va. at 126, 144 S.E.2d at 496; *see also Pnakovich v. SWCC*, 163 W.Va. 583, 590, 259 S.E.2d 127, 130 (1979) (fundamental principle controlling retroactive application of statute is "whether the individual has changed his position in reliance upon existing law, or whether the retrospective act defeats the reasonable expectations of the parties it affects").

Appellees' argument for retroactive application of the 1984 amendments to W.Va. Code § 23–2–5 is even less convincing in light of the facts of this case. Notwithstanding the fact that the commissioner was not required to notify appellees of their delinquency under the 1982 statute, appellees admit that they did in fact receive the following notice:

> FAILURE TO FILE QUARTERLY REPORTS OR TO PAY PREMIUMS BY THE LAST DAY OF THE MONTH FOLLOWING THE QUARTER COVERED BY THIS REPORT, OR TO DEPOSIT AMOUNTS REQUIRED BY THE COMMISSIONER, WILL RESULT IN PENALTIES AND TERMINATION OF YOUR PROTECTION BY THE WORKERS' COMPENSATION FUND.

This notice was boldly imprinted on the premium form supplied by the Fund for use during the fourth quarter of 1982. That same form bore the additional notation "DELINQUENT" in the upper right-hand corner. Given these additional facts, we fail to see how appellees can place any significance on the 1984 notice-related amendments to W.Va.Code § 23–2–5 as they clearly were apprised of both their delinquent status and the deleterious effects of such status.

■ Finally, appellees' contention that W.Va.Code § 23–2–5, as effective in 1982, was ambiguous is simply not tenable. The statute clearly provided in no uncertain terms that an employer who failed to timely remit workers' compensation premiums was delinquent within the meaning of the statutory scheme and was mandatorily deprived of immunity from common-law liability. As we recognized in *Cummins v. State Workmen's Compensation Comm'r*, 152 W.Va. 781, 166 S.E.2d 562 (1969), "[w]hen a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." *Id.* at Syl. Pt. 1. Given the lack of any ambiguity regarding the mandatory imposition of common-law liability as an automatic penalty for an employer delinquent within the meaning of the 1982 statute, we find appellees' argument on this point to be groundless.

Based on the foregoing, the decision of the Circuit Court of Ohio County is hereby reversed.

Reversed.