443 S.E.2d 826

**Raymond J. KEEGAN and Argent Research and Recovery, Ltd., Plaintiffs Below, Appellees,**

v.

**Larrie BAILEY, as he is the Treasurer of West Virginia, Defendant Below, Appellant.**

**No. 21921.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 1994.

Decided April 22, 1994.

---

Darrell V. McGraw, Jr., Atty. Gen., Barry L. Koerber, Asst. Atty. Gen., Charleston, for appellant.

Jill M. Jerabek, Flaherty, Sensabaugh & Bonasso, Charleston, for appellees.

McHUGH, Justice:

This case is before this Court upon the May 5, 1993, order of the Circuit Court of Kanawha County which entered judgment on the appellees', Raymond J. Keegan and Argent Research and Recovery Ltd. (hereinafter "Argent"), complaint for declaratory relief requested under the Freedom of Information Act, *W.Va.Code*, 29B–1–1, *et seq.* Specifically, the circuit court ordered the appellant, Larrie Bailey, the Treasurer of the State of West Virginia (hereinafter "Treasurer"), to release certain information relating to stale dated warrants.[1] On appeal, the Treasurer requests that the ruling of the circuit court be reversed.

I

Argent is in the business of researching governmental records in all fifty states in an attempt to locate money owed to individuals and corporations. Argent attempts to recover the money owed to those parties, and in return, Argent receives a 10% fee from any funds recovered as payment for services rendered.

On December 31, 1991, Argent requested from the Treasurer the opportunity to inspect and review "records of outstanding vendor checks [stale dated warrants] that were issued during the past six years by the state to individuals and corporations, in payment for goods and services." However, by letter dated January 23, 1992, the Treasurer denied Argent's request.

As a result of the Treasurer denying Argent access to the requested information, Argent filed a complaint for declaratory relief with the circuit court. The evidence indicated that the Treasury Department receives a list of stale dated warrants from the Board of Investments. Further evidence indicated that if a warrant is not presented for payment within six months from its date of issuance, the money is deposited by the Board into the Treasurer's Unclaimed Property account.[2]

---

1. What constitutes a stale dated warrant is explained in *W. Va.Code*, 12–3–1 [1990]: "No state depository shall pay a check unless it is presented within six months after it is drawn and every check shall bear upon its face the words, 'Void, unless presented for payment within six months.'"

2. Further background regarding the chain of custody of the unclaimed warrants, as explained by Argent in its brief, is as follows: One Valley Bank, a statewide bank, acts as the depository for monies held in the State Treasury. The bank provides, to the Board, a list of warrants not presented for payment within six months from their date of issuance. The Board generates the

By order dated May 6, 1993, the circuit court concluded, in relevant part, that Argent was entitled access to the records they requested relating to the stale dated warrants. It is from this order of the circuit court that the Treasurer appeals to this Court.

## II

We begin by recognizing that the Freedom of Information Act, *W.Va.Code,* 29B–1–3(1) [1992] provides that, "[e]very person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four [§ 29B–1–4] of this article."

The primary issue in this case is whether the records of the stale dated warrants are abandoned property as defined by *W.Va. Code,* 36–8–8b(a) [Supp.1990] and thus exempt from disclosure pursuant to the Freedom of Information Act, *W.Va.Code,* 29B–1–1, *et seq.*[3]

The Treasurer contends that the records of the stale dated warrants are abandoned property and exempt from disclosure as set forth in the Uniform Disposition of Unclaimed Property Act, specifically, *W.Va. Code,* 36–8–12a [1983], which states, in part: "Records of *abandoned* property kept by the State treasurer are available for inspection and copying only by an owner of such property as to the particular property he

owns.... *These records are exempt from the provisions of chapter twenty–nine–B [§ 29B–1–1 et seq.] of the Code.*" (emphasis added).

*W.Va.Code,* 36–8–8b(a) [Supp.1990] sets forth criteria so as to determine what is abandoned property and when such property is to be presumed abandoned:

All tangible personal property or intangible personal property, including ... all debts owed, entrusted funds or other property held by any ..., state ... government or governmental subdivision, agency, entity, officer or appointee thereof, *shall be presumed abandoned in this state if the last-known address of the owner of the property is in this state and the property has remained unclaimed for seven years*[.]

(emphasis added).[4] The records requested by Argent were in reference to warrants that had been issued *within the past six years.* The statute clearly indicates what is abandoned property. No further analysis is needed. *See Kosegi v. Pugliese,* 185 W.Va. 384, 407 S.E.2d 388 (1991).

We are of the opinion that the requested records are not exempt from disclosure pursuant to *W.Va.Code,* 36–8–8b(a) [Supp.1990] and *W.Va.Code,* 36–8–12a [1983], because the records within the Treasurer's possession are not yet abandoned property as seven years have yet to elapse since the warrants have

---

computer list and sends such list and receipt of deposit to the Treasurer's office.

3. The second issue raised by the Treasurer on appeal is that the circuit court erred in determining that Argent's Freedom of Information Act request reasonably specified the information sought in the complaint for declaratory judgment. After a thorough review of the record before us, we do not believe that the circuit court committed any error with regard to its findings with respect to this issue.

4. *W. Va.Code,* 36–8–8b(a) [Supp.1993] was amended in 1993. The amendment substituted "five years" for "seven years."

On March 12, 1994, the legislature passed Enr. Com. Sub. for S.B. 55, 2d Reg. Session, 71st Legislature (1994). The legislature in Enr. Com. Sub. for S.B. 55 amended *W. Va.Code,* 36–8–8 with such amendments to become effective June 10, 1994. The amendments to subsection (a) of

the statute specifically state that stale dated warrants are intangible personal property: "All intangible personal property, *including stale dated checks,* held for the owner by any state or federal court, public corporation, public authority or public officer in this state, or a political subdivision thereof, *that has remained unclaimed by the owner for more than five years is presumed abandoned*[.]" (emphasis added). Therefore, as of June 10, 1994, the appellees herein would be precluded from gaining access to records regarding stale dated warrants that have remained unclaimed for more than five years as such property would be considered abandoned and thus exempt from disclosure to Argent pursuant to *W. Va.Code,* 36–8–12a [1983].

Because the above-mentioned amendments are to become effective after this action was instituted, the amendments have no bearing on the outcome of this case.

been issued. Accordingly, unless records of stale dated warrants are presumed to be abandoned property as defined by *W.Va. Code,* 36–8–8b(a) [Supp.1990], such records of stale dated warrants are subject to disclosure pursuant to the Freedom of Information Act, *W.Va.Code,* 29B–1–1, *et seq.*

For the reasons stated herein, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.