449 S.E.2d 71

STATE of West Virginia ex rel. Andrew N. RICHARDSON, Commissioner, Bureau of Employment Programs, Division of Workers' Compensation, Department of Commerce, Labor and Environmental Resources, Plaintiff Below, Appellant,

v.

McCOMPTON & SON LUMBER COMPANY, INC., a West Virginia Corporation; Fred McGroary, in His Individual Capacity and as President and Incorporator of McCompton & Son Lumber Company, Inc., Defendants Below, Appellees.

No. 21982.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided July 11, 1994.

Vickie R. Dodd, Kim G. Farha, Diane Perera, and James S. Sharak, Asst. Attys. Gen., Charleston, for appellant.

Charles E. Hurt, Charleston, for appellees.

BROTHERTON, Chief Justice:

This case is before this Court on an appeal by the West Virginia Workers' Compensation Commissioner from the April 1, 1993, final order of the Circuit Court of Kanawha County, West Virginia. In that order, the court affirmed a prior order granting the appellee's motion for a summary judgment.

The facts in this case are relatively simple. McCompton & Son Lumber Company did business as a sawmill and was incorporated in West Virginia on July 5, 1985. The articles of incorporation list L.D. Compton, his son, Kenny Compton, and Frederick J. McGroary as incorporators. L.D. Compton held 180 shares, while Frederick McGroary and Kenny Compton each held 60 shares. All three men were considered directors, although they were not specified as officers in the articles of incorporation. All three men signed the articles of incorporation.

The appellee, Fred McGroary, began working for Mr. Compton in his various enterprises, most of which included coal companies, in 1982. He worked for him as a purchasing agent until 1988. At the time of the incorporation of the lumber company in 1985, Compton had given McGroary an interest in the McCompton & Son Lumber Company. McGroary paid nothing for the interest in that corporation. McGroary did not manage or operate McCompton & Son Lumber Company until June, 1988, when Compton made McGroary manager of the McCompton & Son Lumber Company sawmill located in Ethel, West Virginia. The sawmill was the sole asset of the lumber company. It was totally destroyed by a fire in November, 1989, and was never rebuilt or reopened for business.

Prior to McGroary becoming manager of the sawmill in June, 1988, there were unpaid premium account balances due the Workers' Compensation Fund from the McCompton & Son Lumber Company. From June, 1988, until November, 1989, when the sawmill business was destroyed by fire, McGroary saw that all current premiums due on the quarterly reports were paid.

The McCompton & Son corporation was dissolved in Kanawha County Circuit Court on April 22, 1992. L.D. Compton is deceased, while Kenny Compton and Mr. McGroary still live. McGroary claims that he has never received any dividend or other benefit by virtue of the stock, except for the salary he was paid as an employee.

The Workers' Compensation Commissioner argues that McGroary should be considered an employer for the purposes of the statute and the Code of State Regulations (C.S.R.) and, thus, be personally liable for the unpaid workers' compensation premiums and interest totalling $149,659.58. Mr. McGroary disagrees, pointing out that the regulation that the Workers' Compensation Commissioner uses to identify him as an employer was not adopted until April 30, 1990, after the sawmill was destroyed. The circuit court agreed, granting McGroary's summary judgment motion.

West Virginia Code § 23–2–1(a) (1994 Supp.) states:

[A]ll persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying

on any form of industry, service or business in this state, are employers within the meaning of this chapter and are hereby required to subscribe to and pay premiums into the workers' compensation fund for the protection of their employees and shall be subject to all requirements of this chapter and all rules and regulations prescribed by the commissioner. . . .

Title 85 C.S.R. 11–2.8 (1990), adopted April 30, 1990, expanded the definition of employer found in W.Va.Code § 23–2–1:

> [A]ny individual, firm, partnership, limited partnership, copartnership, joint venture, association, corporation, organization, receiver, estate, trust, guardian, executor, administrator, *and also any owner, partner, official, officer, employee or member of any of the foregoing who, as such owner, partner, official, officer, employee or member, is by virtue of his or her position under a duty to perform or to cause performance by another or who is responsible for the performance of an act prescribed by the provisions of the Act* or the various rules promulgated by the commissioner. (Emphasis added.)[1]

Next, W.Va.Code § 23–2–5a (1984) provides that "any payment and interest thereon due and unpaid under this chapter shall be a personal obligation of the employer. . . ." Consequently, the Workers' Compensation Commissioner argues that McGroary is an "employer" who is responsible for the unpaid premiums and interest for McCompton & Son Lumber Company from the date of incorporation, July 5, 1985, until the company

was dissolved in 1992 in Kanawha County Circuit Court.

■ While we agree that W.Va.Code § 23–2–1(a), in combination with 85 C.S.R. 11–2.8, provides for personal responsibility for workers' compensation premiums on the part of a delinquent employer, nothing in W.Va.Code § 23–2–1(a) or 85 C.S.R. 11–2.8, which expanded the definition of "employer," provides that 85 C.S.R. 11–2.8 should be applied retroactively.[2] In the past, this Court has held that " '[w]orkmen's compensation statutes, or amendments of such statutes, which affect merely the procedure may be construed to have a retroactive operation; but any such statute or amendment which affects the substantial rights or obligations of the parties to the contract arising from the employment relationship or which impairs the obligation of such a contract cannot be construed to operate retroactively.' Syl. Pt. 3, *Maxwell v. State Compensation Director*, 150 W.Va. 123, 144 S.E.2d 493 (1965), *overruled on another point, Sizemore v. State Workmen's Compensation Comm'r*, 159 W.Va. 100, 219 S.E.2d 912 (1975)." Syl. pt. 1, *Kosegi v. Pugliese*, 185 W.Va. 384, 407 S.E.2d 388 (1991). A regulation that expands the definition of employer would certainly be considered to affect the substantive rights of the corporation and its employees. Thus, the expanded definition of employer found in 85 C.S.R. 11–2.8 is effective on and after April 30, 1990, when it was adopted, and will not be given retroactive application.[3]

---

1. The version of 85 C.S.R. 11–2.8 at issue in this case was superceded on July 2, 1993. The current regulation, 85 C.S.R. 11–2.8 (1993), deleted the entire second half of the 1990 regulation: "The term 'employer' has the meaning ascribed to that term by W.Va.Code § 23–2–1, which includes, but is not limited to, any individual, firm, partnership, limited partnership, copartnership, joint venture, association, corporation, organization, receiver, estate, trust, guardian, executor, administrator, or any other entity regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this state."

2. Further, only "owners" or "employees" who are under a duty to cause performance of the act in question, i.e. the payment of the worker's compensation premiums, are to be considered an employer. In this case, McGroary was not in the position to cause the premiums to be paid during the period of time that the company was delinquent.

3. The Workers' Compensation Commissioner claims that he has additional authority on the part of the legislature which would predate the articles of incorporation by a year. That authority is found in W.Va.Code § 23–2–5a (1984), which provides that "any payment and interest thereon due and unpaid under this chapter shall be a personal obligation of the employer. . . ." The Commissioner fails to explain why, if that Code section provided the authority to make collections such as the one sought in this case, there was a need to further expand the definition of employer with such detail in 85 C.S.R. 11–2.8.

The Workers' Compensation Commissioner also argues that McGroary is responsible for the unpaid balance and interest from the time after April 30, 1990, when 85 C.S.R. 11–2.8 was adopted, until the corporation was dissolved in 1992. However, the fact that the corporation was not yet dissolved in April, 1990, when the State regulation expanding the definition of employer went into effect, is irrelevant. At that time, the sawmill was destroyed, and unless there were employees on a payroll, there was no one for the company to cover with worker's compensation premiums. Thus, the appellee is not responsible for the balance and interest from April, 1990, until 1992, when the corporation was dissolved. However, the corporation should have notified the Fund that the corporation no longer had employees to cover with workers' compensation premiums.

■ The Commissioner counters that *Cato v. Silling,* 137 W.Va. 694, 73 S.E.2d 731 (1952), *cert. denied,* 348 U.S. 981, 75 S.Ct. 572, 99 L.Ed. 764 (1955), furthers his argument that such responsibility on the part of a director or officer was anticipated by this Court. However, our reading of *Cato* lends support to McGroary's claim that he is not liable for the unpaid balance and interest from 1990:

> The uncontradicted evidence shows that whatever acts were committed in the demolition of the dwelling and in the removal of the property of the plaintiff, which resulted in loss or injury, were committed by Fike, a subcontractor of C.H. Jimison and Sons, and his agents or employees. Even if Fike and his agent or employees could be considered the representatives of C.H. Jimison and Sons or of One Morris, Inc., they could not, under the evidence, be held to be the agents, the employees, or the representatives of One Morris, Inc., they could not, under the evidence, be held to be the agents, the employees, or the representatives of the defendant whose only connection with One Morris, Inc., at that time, was that of the architect for, and a minority shareholder in, that corporation. The evidence fails to show that in either capacity the defendant controlled, influenced, directed, sanctioned or participated in any acts committed or any conduct engaged in by One Morris, Inc., in connection with the demolition of the dwelling or the removal of the property of the plaintiff from the premises. *A director or an officer of a corporation does not incur personal liability for its torts merely by reason of his official character unless he has participated in or sanctioned the tortious acts, 13 Am.Jur., Corporations, Sections 1086 and 1087; and a director who is not a party to a wrongful act is not liable for such acts committed by other persons.* Smith v. Cornelius, 41 W.Va. 59, 23 S.E. 599, 30 L.R.A. 747. The defendant who was not an officer or a director but a minority shareholder of One Morris, Inc., and who, under the evidence, did not control, influence, direct, sanction or participate in the commission of any of the acts of the corporation in connection with the demolition of the dwelling or the removal of the plaintiff's property, or act as its agent or employee in dispossessing the plaintiff from the premises formerly occupied by him, can not be subjected to liability for any act of the corporation which might have produced or contributed to that result.

*Id.,* 73 S.E.2d at 745 (emphasis added). The appellant then points to a somewhat more recent case in support of his opinion, stating: "[T]hough directors and officers are not liable for debts of a corporation in the absence of wrongdoing, there is evidence in this case he [McGroary] willfully, (or, at least, by gross negligence) violated his duty imposed by state statute. *Wheeling Kitchen Equipment Co. v. R & R Sewing Center, Inc.,* 154 W.Va. 715, 179 S.E.2d 587 (1971)."

■ As noted above, the appellant admits that officers are not liable absent wrongdoing. Based upon the rule set forth in *Cato,* our review of the record shows that McGroary in no way controlled, influenced, directed, sanctioned, or participated in the acts which led to this suit, i.e., failing to pay the workers' compensation premiums from 1985 until 1988. In fact, for the period of time in which he was the general manager, he paid the premiums in a timely fashion. Further, there is no evidence of willful or negligent wrongdoing on the part of Mr.

McGroary. Consequently, for an officer to be held personally liable under W.Va.Code § 23–2–1(a) and 85 C.S.R. 11–2.8, the officer must have participated in or sanctioned the wrongful act. In this case, the appellee was not actually employed at the sawmill until June, 1988, after which time the premiums were paid as the bills arrived.

■ "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus point 3, *Aetna Casualty and Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). In this case, the expanded definition of employer was not effective until April, 1990, after the sawmill was destroyed and out of business. Since the appellee was not considered an "employer" under the statute and regulations existing at that time, and since we hold today that 85 C.S.R. 11–2.8 is not to be applied retroactively, we cannot say that the Circuit Court of Kanawha County abused its discretion in granting the summary judgement motion.